**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 03-cv-02504-REB-CBS

PETER HORNICK, an individual,

    Plaintiff,

v.

GARY BOYCE, and
JOANNE BOYCE, individuals,

    Defendants.

## ORDERS RE: DEFENDANTS' POST-TRIAL MOTIONS

**Blackburn, J.**

    This matters before me are 1) defendants' **Motion To Amend or Alter Findings** [#116] filed September 18, 2006; 2) **Defendants' Forthwith Motion to Stay Judgment Pending Determination of Post-trial Motions** [#117] filed September 18, 2006; and 3) **Defendants' Fed R. Civ. P. 26 (c) Motion for Protective Order Striking Debtor Interrogatories** [#130] filed October 24, 2006. I grant in part and deny in part defendants' **Motion To Amend or Alter Findings** [#116], I grant **Defendants' Forthwith Motion to Stay Judgment Pending Determination of Post-trial Motions** [#117], and I deny as moot **Defendants' Fed R. Civ. P. 26 (c) Motion for Protective Order Striking Debtor Interrogatories** [#130].

    First, concerning the **Motion To Amend or Alter Findings** [#116], defendants advance three principal arguments: 1) that damages (including prejudgment interest) for

1

breach of contract must be calculated based on the circumstances of the parties as they existed at the time of the breach on December 11, 2001; 2) that to eschew violation of the *Younger* abstention doctrine, damages must be limited to those existing as of the breach on December 11, 2001; and 3) that there was insufficient competent and relevant evidence to support an award of damags.

Concerning defendants' first contention – that damages (including prejudgment interest) for breach of contract must be calculated based on the circumstances of the parties as they existed at the time of the breach on December 11, 2001 – I agree. In a breach of contract action, a plaintiff may recover the amount of damages that are required to place him in the same position he would have occupied had the breach not occurred. *Schneiker v. Gordon*, 732 P.2d 603, 612 (Colo.1987); *Taylor v. Colorado State Bank of Denver*, 580, 440 P.2d 772, 774 (1968). Thus, Hornick is entitled to the benefit of his bargain vis-à-vis the Hornick-Boyce Option Agreement. (Exhibit 5). Thus, the extant findings of fact and conclusions of law should be amended accordingly. Therefore, Hornick's damages on December 11, 2001, at the time of Boyces' breach of contract was the value of Boyces' one-half interest in Villa Grove in the amount of $2,000,000 minus the $500,000 Hornick agreed to pay for that one-half interest.

Having found that damages (including prejudgment interest) for breach of contract must be calculated based on the circumstances of the parties as they existed at the time of the breach on December 11, 2001, defendants' second argument, which implicates the *Younger* abstention doctrine, is rendered moot. *See Younger v. Harris*, 401 U.S. 307 (1971).

Concerning defendants' third argument that there is insufficient competent and relevant evidence to support more than an award of nominal damages, I find and conclude as follows. My finding of entity-asset valuation,[1] was based primarily on Hornick's credible and informed testimony as a co-owner, which was competent, probative, and substantial[2] and supported by an objective, evidentiary basis. Importantly, defendants did not object to his testimony on any grounds – competence, relevance, or otherwise.[3] Hornick's testimony, which was based on his experience, research and reflection, provided me with a reasonable basis by which to compute damages with a reasonable degree of certainty.[4] Thus, the cause and existence of substantial damages have been established.[5] The evidentiary record permitted me to make a reasonable finding that provided for a fair, equitable, and adequate award of damages.[6]

---

[1] See **Findings of Fact, Conclusions of Law, and Orders** [#110] at 4-5, ¶ 15.

[2] See **Roberts v. Adams**, 47 P.3d 690, 697 (Colo.App.,2001) ("Substantial evidence is that which is probative, credible, and competent. It is evidence of a character that would warrant a reasonable belief in the existence of facts supporting a particular finding, without regard to the existence of contradicting testimony or contradictory inferences.") (internal citations omitted)

[3] Indeed, Hornick's testimony was not subject to objection. Thus, his evidentiary presentation was qualitatively different than that condemned in **Realty Loans, Inc. v. Mc Coy**, 523 P.2d 476, 478 (Colo.App. 1974), notwithstanding defendants' lack of objection in that trial.

[4] See **Sonoco Products Co. v. Johnson**, 23 P.3d 1287, 1290 (Colo.App.,2001) ("Once the fact of damage has been established with the requisite degree of certainty, uncertainty as to the amount of damages will not bar recovery. *Western Cities Broadcasting, Inc. v. Schueller*, 849 P.2d 44 (Colo.1993).")

[5] See **Roberts**, 47 P.2d at 698-697 ("Generally, recovery for damages is allowed once the cause and existence of damages have been established, even though the exact amount of damages may be uncertain or impossible to determine. *Graphic Directions, Inc. v. Bush*, 862 P.2d 1020 (Colo.App.1993)")

[6] See **Sonoco Products Co.**, 23 P.3d at 1289 ("The factfinder has the sole prerogative to assess the amount of damages, and its award will not be set aside unless it is manifestly and clearly erroneous. *Kincaid v. Western Operating Co.*, 890 P.2d 249 (Colo.App.1994). Under the circumstances of each case, the trial court has the responsibility to make a reasonable finding that would provide for a fair, equitable,

Next, concerning **Defendants' Forthwith Motion to Stay Judgment Pending Determination of Post-trial Motions** [#117], I approve, adopt, and incorporate the reasons stated, arguments advanced, and authorities cited by defendants in their motion. Additionally, I note that the District Court of Saguache County, Colorado, has entered a similar stay under §13-53-105, C.R.S., which state court stay implicates Fed.R.Civ.P. 62(f). Thus, defendants' motion should be granted.

Finally, **Defendants' Fed R. Civ. P. 26 (c) Motion for Protective Order Striking Debtor Interrogatories** [#130], should be denied as moot because the stay, which is in effect in state court and which is imminent in this case, applies to the interrogatories at issue.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendants' **Motion To Amend or Alter Findings** [#116] filed September 18, 2006, **IS GRANTED** in part and **IS DENIED** in part: the motion is granted concerning the request to limit the calculation of damages (and prejudgment interest) to the date of the breach of contract on December 11, 2001, but is denied otherwise;

2. That **Defendants' Forthwith Motion to Stay Judgment Pending Determination of Post-trial Motions** [#117] filed September 18, 2006, **IS GRANTED**; and

3. That **Defendants' Fed R. Civ. P. 26 (c) Motion for Protective Order**

---

and adequate award of damages. *Peterson v. Colorado Potato Flake & Manufacturing Co.*, 164 Colo. 304, 435 P.2d 237 (1967).")

**Striking Debtor Interrogatories** [#130] filed October 24, 2006, **IS DENIED** as moot.

Dated December 27, 2006, at Denver, Colorado.

                                  **BY THE COURT**

                                  **s/ Robert E. Blackburn**
                                  **Robert E. Blackburn**
                                  **United States District Judge**