**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 03-cv-02504-REB-CBS

PETER HORNICK, an individual,

    Plaintiff,

v.

GARY BOYCE, and
JOANNE BOYCE, individuals,

    Defendants.

## ORDER CONCERNING STAY OF EXECUTION PENDING APPEAL

**Blackburn, J.**

This matter is before me on the following motions:

1) **Defendants/Counterclaimants' Motion for Extension of Interim Stay Pending Resolution of Motion for Stay of Execution Pending Appeal** [#144]; and 2) **Defendants/Counterclaimants' Motion for Stay of Execution Pending Appeal Pursuant to F**ED**. R. C**IV**. P. 62(d) and for Approval of Real Property as Alternative Security in Lieu of Supersedas Bond** [#145], both filed January 26, 2007. The plaintiff has filed a combined response that addresses both motions, and the defendant has filed a combined reply. I deny the motions.

On August 30, 2006, after trial to the court, I entered Findings of Fact, Conclusions of Law, and Orders [#110] in this case. I awarded a judgment in favor of the plaintiff, Peter Hornick, and against the defendants, Gary and Joanne Boyce, in the amount of 3.5 million dollars, plus pre- and post-judgment interest. The Clerk of the

Court entered Judgment [#111] on September 6, 2006. On September 8, 2006, Hornick filed a miscellaneous action in the District Court of Saguache County, Colorado, seeking to enforce this court's Judgment under the Colorado Uniform Enforcement of Foreign Judgments Act, §13-53-101 through 13-53-108, C.R.S. On September 11, 2006, Hornick recorded a transcript of judgment docket with the Clerk and Recorder of Saguache County, Colorado, perfecting a judgment lien on all real property owned by the Boyces in Saguache County.

On September 18, 2006, the Boyces filed a motion to alter or amend the court's Findings of Fact, Conclusions of Law, and Order. On December 27, 2006, I entered an order [#136] granting the defendants' Motion to Amend or Alter Findings, and on January 2, 2007, I entered Amended Findings of Fact, Conclusions of Law, and Orders [#137]. The net result of the Amended Findings of Fact, Conclusions of Law, and Orders was that Hornick's judgment against the Boyces was reduced from 3.5 million dollars to 1.5 million dollars. Taking into account pre- and post-judgment interest, the amount of the judgment is approximately 2.25 million dollars, and it continues to accrue interest at 5.03 percent.

The Boyces have filed a notice of appeal. In their current motions, the Boyces seek to stay the enforcement of this court's judgment pending resolution of their appeal, and they seek to deviate from the ususal requirements for a stay pending appeal under FED. R. CIV. P. 62(d). Rule 62(d) provides that the enforcement of a judgment may be stayed pending the resolution of an appeal if the party subject to the judgment posts a supersedeas bond that is approved by the court. The purpose of a supersedeas bond is to secure the appellee from loss that may result from a stay of execution. ***Miami International Realty Co. v. Paynter***, 807 F.2d 871, 873 (10th Cir. 1986). In normal

circumstances, a full supersedeas bond should be required. *Id*. In setting supersedeas bonds, the court should seek to protect the judgment creditor "as fully as possible without irreparably injuring judgment debtors . . . ." *Id*. (quoting **Texaco, Inc. v. Penzoil Company**, 784 F.2d 1133, 1155 (2nd Cir. 1986)). When an appellant proposes an alternative to a supersedeas bond, it is the appellant's burden to demonstrate that posting a full bond is impossible, and to propose a plan that will provide adequate security for the judgment creditor, considering the relevant circumstances. *Id*. (citing with approval **U.S. v. Kurtz**, 528 F. Supp. 1113, 1115 (D. Pa. 1981)).

The Boyces argue that Hornick's judgment lien on the Boyces' Saguache County real estate is an alternative to a supersedeas bond that provides Hornick with adequate security. According to the Boyces, the extant judgment lien is adequate security because the unencumbered fair market value of Boyces' real property in Saguache County is substantially more than the amount of Hornick's judgment. The Boyces argue further that the existence of Hornick's judgment lien makes it impossible for the Boyces to use their real estate as security for a cash bond. Gary Boyce says he has attempted to obtain a cash bond, but has been unable to do so. *Motion for stay of execution*, Exhibit A (Boyce Affidavit). A letter from Aarena Bonding Services, Inc., filed as Exhibit E to the Boyces' motion, also indicates that the Boyces have not been able to obtain a cash bond.

The Boyces' argument that Hornick's judgment is secured adequately by Hornick's judgment lien on the Boyces' Saguache County real estate is founded on the Boyces' assertion that the unencumbered value of the real estate, excluding the judgment lien, far exceeds the amount of the judgment. The Boyces rely on a letter from Wooddora Eisenhauer, a real estate broker in Crestone, Colorado, and a letter from Bruce Steffens,

a real estate broker in Monte Vista, Colorado, in support of this contention. Eisenhauer opines that three parcels owned by the Boyces, totaling about 3,400 acres, could be sold for about 3.8 million dollars. *Motion for stay of execution*, Exhibit C (Eisenhauer letter). The Boyces indicate that these parcels are not subject to any security interests other than Hornick's judgment lien. Steffens opines that the three parcels that make up what is known as the Villa Grove ranch could be sold for between 4 and 5.25 million dollars. *Motion for stay of execution*, Exhibit D (Steffens letter).

     Again, in approving a supersedeas bond, and in evaluating proposed alternatives to such a bond, I must seek to protect Hornick, the judgment creditor, as fully as possible without irreparably injuring Boyces, the judgment debtors. The Boyces' contention that the judgment lien on their real estate provides adequate protection to Hornick is founded primarily on the Boyces' claim that their real estate has certain market values. However, the only evidence in the record to support these valuations are the two letters from local real estate brokers. I conclude that this evidence is not sufficient to demonstrate that the Boyces' real estate has sufficient value to provide adequate protection to Hornick. At a minimum, an appraisal from a real estate appraiser who is both qualified and disinterested is necessary to demonstrate that Hornick's judgment lien on the Boyces' real estate provides adequate protection. In addition, as noted in the Eisenhauer letter, Hornick has expressed concern about potentially long marketing times involved in selling the real estate for full value. That issue also is relevant to a determination of whether a judgment lien on the real estate provides adequate protection to Hornick.

     After the trial of this case, the Boyces objected adamantly to Hornick's valuation based, *inter alia*, on the opinions of local real estate agents. Now, the Boyces seek to rely on such opinions as the sole evidence to demonstrate that their proposed alternative

to a supersedeas bond will provide adequate protection to Hornick. In this context, it borders on the disingenuous for the Boyces now to argue that such information is adequate, when after trial they found such evidence to be grossly inadequate.

In sum, I conclude that the Boyces have not demonstrated adequately that their proposed alternative to the posting of a full supersedeas bond under F$_{ED}$. R. C$_{IV}$. P. 62(d) will provide adequate security to Hornick.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants/Counterclaimants' Motion for Stay of Execution Pending Appeal Pursuant to F**$_{ED}$**. R. C**$_{IV}$**. P. 62(d) and for Approval of Real Property as Alternative Security in Lieu of Supersedas Bond** [#145], filed January 26, 2007, is **DENIED**; and

2. That the **Defendants/Counterclaimants' Motion for Extension of Interim Stay Pending Resolution of Motion for Stay of Execution Pending Appeal** [#144], filed January 26, 2007, is **DENIED**.

Dated April 11, 2007, at Denver, Colorado.

                                         **BY THE COURT:**

                                         **s/ Robert E. Blackburn**
                                         **Robert E. Blackburn**
                                         **United States District Judge**