**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  03-cv-02504-REB-CBS

PETER HORNICK, an individual,

    Plaintiff,

v.

GARY BOYCE, and
JOANNE BOYCE, individuals,

    Defendants.

---

**ORDER CONCERNING RENEWED MOTION TO
STAY EXECUTION PENDING APPEAL**

---

**Blackburn, J.**

This matter is before me on the **Defendants/Counterclaimants' Forthwith Renewed Motion for Stay of Execution Pending Appeal Pursuant to Fed. R. Civ. P. 62(d) and for Approval of Real Property as Alternative Security in Lieu of Supersedas Bond** [#169], filed May 8, 2007.  The plaintiff has filed a response [#173], and the defendant/counterclaimant has filed a reply [#174].  I deny the motion.

After trial and other proceedings, I directed the entry of judgment in favor of the plaintiff, Peter Hornick, and against the defendants, Gary and Joanne Boyce, in the amount of 1.5 million dollars.  Taking into account pre- and post-judgment interest, the current amount of the judgment is approximately 2.25 million dollars, and the judgment continues to accrue interest at 5.03 percent per annum.  The Boyces have filed a notice

of appeal.  In their current motion the Boyces seek to stay the enforcement of this court's judgment pending resolution of their appeal, and they seek to deviate from the ususal requirements for a stay pending appeal under FED. R. CIV. P. 62(d).  In an order [#164] entered April 11, 2007, I denied the Boyces' first request for a stay of enforcement.  Now, with additional information concerning the value of the real estate that the Boyces seek to use as security, as an alternative to a supersedeas bond, the Boyces renew their request for a stay.

Rule 62(d) provides that the enforcement of a judgment may be stayed pending the resolution of an appeal if the party subject to the judgment posts a supersedeas bond that is approved by the court.  The purpose of a supersedeas bond is to secure the appellee from loss that may result from a stay of execution.  ***Miami International Realty Co. v. Paynter***, 807 F.2d 871, 873 (10th Cir. 1986).  In normal circumstances, a full supersedeas bond should be required.  ***Id***.  In setting supersedeas bonds, the court should seek to protect the judgment creditor "as fully as possible without irreparably injuring judgment debtors . . . ."  ***Id***. (quoting ***Texaco, Inc. v. Penzoil Company***, 784 F.2d 1133, 1155 (2nd Cir. 1986)).  When an appellant proposes an alternative to a supersedeas bond, it is the appellant's burden to demonstrate that posting a full bond is impossible, and to propose a plan that will provide adequate security for the judgment creditor, considering the relevant circumstances.  ***Id***. (citing with approval ***U.S. v. Kurtz***, 528 F. Supp. 1113, 1115 (D. Pa. 1981)).

On September 11, 2006, Hornick recorded a transcript of judgment docket with the Clerk and Recorder of Saguache County, Colorado, perfecting a judgment lien on all real property owned by the Boyces in Saguache County.  The Boyces argue that

Hornick's judgment lien on the Boyces' Saguache County real estate is an alternative to a supersedeas bond that provides Hornick with adequate security. According to the Boyces, the extant judgment lien is adequate security because the unencumbered fair market value of Boyces' real property in Saguache County is substantially more than the amount of Hornick's judgment. The Boyces argue further that the existence of Hornick's judgment lien makes it impossible for the Boyces to use their real estate as security for a cash bond. Gary Boyce says he has attempted to obtain a cash bond, but has been unable to do so.

The Boyces' argument that Hornick's judgment is secured adequately by Hornick's judgment lien on the Boyces' Saguache County real estate is founded on the Boyces' assertion that the unencumbered value of the real estate, excluding the judgment lien, far exceeds the amount of the judgment. The Boyces argue that Hornick's judgment lien covering four parcels of real estate provides Hornick with adequate security. The four parcels are: 1) the Villa Grove Ranch; 2) the Sierra West Parcel; 3) the Glenn Lot; and
4) the Hutchinson Homestead. In their renewed motion, the Boyces have provided additional evidence to support their assertions concerning the value of their Saguache County real estate. The Boyces have provided the court with completed appraisals of the three parcels that make up the Villa Grove Ranch, and they have provided ownership and encumbrance reports for the Sierra West Parcel and the Hutchinson Homestead.

The Boyces say they will provide the court with appraisals of the Sierrra West Parcel, the Hutchinson Homestead, and the Glenn Lot in support of their motion, but they have not yet filed appraisals of these properties with the court. If the Boyces'

estimates of the value of these three parcels are taken at face value, then the Sierra West Parcel, the Glenn Lot, and the Hutchinson Homestead, taken together, have an unencumbered value of about 1.4 million dollars. I conclude that, even if the Boyces had filed valid appraisals of these properties, the alternative security the Boyces propose is not adequate. For the purpose of resolving this motion, I will assume that the 1.4 million dollar valuation is accurate.

The appraisals of the three parcels that make up the Villa Grove Ranch each indicate that they are based on the assumption that title to the property is "good and marketable." *See, e.g., renewed motion* [#169], Exhibit K, p. 4 (Nye Ranch appraisal). I note this assumption because title to the Villa Grove Ranch is disputed and encumbered both legally and practically. Based on a Special Warranty Deed, dated August 2, 2005, the Boyces claim to own the Villa Grove Ranch. The purported August 2, 2005, transfer of the property to the Boyces was from Villa Grove Ranch Co., LLC. Hornick holds a 50 per cent interest in Villa Grove Ranch Co., LLC, and the Boyces hold a 50 per cent interest in Villa Grove Ranch Co., LLC. In related litigation in state court, Hornick asserts that the transfer of the property from the LLC to the Boyces was invalid, and that the Villa Grove Ranch is owned by Villa Grove Ranch Co., LLC, and not by the Boyces. Hornick has recorded a *lis pendens* against the Villa Grove Ranch property based on the state court litigation. In short, the assumption that the Boyces hold "good and marketable" title to the Villa Grove Ranch properties is not supported in the record. These facts indicate that if Hornick must foreclose his judgment lien on the Villa Grove Ranch in order to collect his judgment, then Hornick faces a variety of estimable hurdles and uncertainties in the collection process. These hurdles and uncertainties must be

considered in determining whether or not the Boyces' proposed alternative security is adequate.

In addition, I note that the appraisals of the Villa Grove Ranch parcels each indicate that sale of the parcels likely would require "a one year marketing time" if the parcels were "competitively priced and aggressively marketed." *See, e.g., renewed motion* [#169], Exhibit K, part 2, p. 8 (as numbered by CM/ECF system) (Nye Ranch appraisal). No doubt, it would take Hornick some time to resolve the issues surrounding the ownership of the Villa Grove Ranch before he could foreclose his judgment lien and then begin to aggressively market the property in an effort to collect his judgment. Then, Hornick would face a marketing time of a year, or possibly more. This marketing time also must be considered in determining whether or not the Boyces' proposed alternative security is adequate.

Given these circumstances, I conclude that the Boyces have not demonstrated adequately that their proposed alternative to the posting of a full supersedeas bond will provide adequate security to Hornick. Assuming that the Sierrra West Parcel, the Hutchinson Homestead, and the Glenn Lot have an unencumbered value of 1.4 million dollars, these properties obviously are not sufficient to pay a judgment that currently totals about 2.25 million dollars, and which continues to accrue interest. Under current circumstances, any ownership interest the Boyces may have in the Villa Grove Ranch provides very little security to Hornick, as a judgment creditor. There is a substantial and unresolved question about the ownership of the Villa Grove Ranch. That question, and other circumstances, likely would make it very difficult and time consuming for Hornick to collect his judgment by foreclosing his judgment lien against the Villa Grove Ranch. In

5

short, Hornick's judgment lien against the Boyces' Saguache County real estate gives him some tenuous security, but not security that is adequate in comparison to a full supersedeas bond.

**THEREFORE, IT IS ORDERED** that **Defendants/Counterclaimants' Forthwith Renewed Motion for Stay of Execution Pending Appeal Pursuant to F**ED**. R. C**IV**. P. 62(d) and for Approval of Real Property as Alternative Security in Lieu of Supersedas Bond** [#169], filed May 8, 2007, is **DENIED**.

Dated June 20, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**